**In re William Andrew CRAMPTON and Cherro K. Crampton, Debtors.**

No. 99–41515.

United States Bankruptcy Court, D. Idaho.

June 1, 2000.

David E. Rayborn, Pocatello, Idaho, for Debtors.

L.D. Fitzgerald, Pocatello, Idaho, Chapter 7 Trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

### Background

Debtors William and Cherro Crampton ("Debtors") filed for Chapter 7 bankruptcy relief on September 8, 1999, and received a discharge on December 8, 1999. During 1999, Debtor William Crampton attended Idaho State University. In February 2000, Debtors filed a Federal Form 1040 joint tax return for the 1999 tax year in which they claimed a $1,500 federal education tax credit, the so-called Hope Scholarship Credit ("Hope credit"). Thereafter, Debtors received a federal tax refund of $1,641.[1] On February 15, 2000, Debtors amended their Schedule C, to add a claim of exemption in the sum of $1,500 for the Hope credit under Idaho Code § 11–603(4). Trustee L.D. Fitzgerald filed a timely objection to the amended claim of exemption on February 23.[2] *See* Fed. R. Bankr.Proc. 4003(b). A hearing on Trustee's objection was held on April 18, after which the matter was taken under advisement. The following constitutes the

1. A review of the return shows the refund was calculated as follows. Debtors had tax liability of $1,609. The Hope credit of $1,500 reduced the tax to $109. Debtors' federal tax withheld during 1999 amounted to $1,402 and Debtors claimed an earned income credit of $348, resulting in total tax payments of $1,750. When the tax of $109 is subtracted from the payments of $1,750, Debtors overpaid by $1,641.

2. Trustee's objection relates only to the "federal education credit." To the extent Debtors' refund consists of an earned income

Court's findings of fact and conclusions of law. Fed. R. Bankr.Proc. 7052.

### Disposition

Idaho has opted-out of the federal exemptions; therefore, a debtor in bankruptcy is limited to the exemptions provided by Idaho law. 11 U.S.C. § 522(b); Idaho Code § 11–609. Exemption statutes are liberally construed in favor of the debtor. *In re Skaar,* 98.1 I.B.C.R. 13 (Bankr.D.Idaho 1998); *In re Turner* 96.4 I.B.C.R. 138, ·139 (Bankr.D.Idaho 1996). Trustee, as the objecting party, has the burden of proving the exemption is not proper. Fed. R. Bankr.Proc. 4003(c).

Under Idaho law, a debtor is allowed an exemption for "benefits the individual is entitled to receive under federal, state, or local public assistance legislation." Idaho Code § 11–603(4). Debtors assert the Hope credit is a form of public assistance and therefore should be exempt under this provision.

The Hope credit was authorized by Congress in 1997. It allows a taxpayer to claim a credit against tax of up to $1,500[3] for qualified tuition and expenses incurred by a degree-seeking student during the first two years of post-secondary education. 26 U.S.C. § 25A(b)(2)(C). To qualify, the student must be enrolled on at least on a part-time basis, and may not have not been convicted of a drug-related felony as of the end of the tax year for which the credit is claimed. 26 U.S.C. § 25A(b)(2)(B), (D).

credit, Trustee has failed to timely object, and such portion of the refund is deemed exempt. *See* Fed. R. Bankr.Proc. 4003(b); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (trustee cannot contest the validity of a claimed exemption after the 30 day period for objecting under Rule 4003(b) has expired).

3. A taxpayer is allowed a credit for 100% of the first $1,000 spent on qualified expenses, and 50% of the next $1,000, for a total of $1,500. 26 U.S.C. § 25A(b)(1)(A), (B).

Whether the Hope credit is exempt under Idaho law is a question of first impression in this District.[4] As Debtors point out, this Court has held the earned income tax credit is in the nature of public assistance, allowing the funds to be claimed as exempt under Idaho Code § 11–603(4). *In re Jones,* 107 B.R. 751, 752 (Bankr.D.Idaho 1989); *In re Dennett,* 1995 WL 128474 (Bankr.D.Idaho 1995) (following *In re Jones* ).[5] However, there are fundamental differences between the earned income credit and the Hope credit.

First, the purpose and policy of the earned income credit focused upon helping the working poor.

> The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

*Sorenson v. Secretary of the Treasury of the United States,* 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). By contrast, the Hope credit, one of two similar tax credits created by the Taxpayer Relief Act of 1997, was designed as an incentive for any person, or dependent, considering post-secondary job training and education. *See* 143 Cong. Rec. H4668 (daily ed. June 26, 1997) (statement of Rep. Archer) (the Act "provides educational tax relief so parents can send their children to college.... This plan is dedicated to America's forgotten middle-income."); 143 Cong. Rec. H4668, H4672 (daily ed. June 26, 1997) (statement of Rep. Bunning) (intent is to make education more affordable); 143 Cong. Rec. H4668, H4700 (daily ed. June 26, 1997) (statement of Rep. Packard) ("This tax relief proposal helps every taxpayer at every stage of life."). In addition, when the legislation was signed into law, the President, a proponent of the tax break, summarized the purpose of the education credits was "to make 2 years of college universally available [Hope credit] and a 20 percent tuition credit [Lifetime Learning Credit] to make the third and fourth years of college more afforable [sic] and to promote life-long learning." 1997 U.S.C.C.A.N. 1620–1. It is clear, then, that the education credit was adopted with a broader legislative purpose in mind than the earned income credit.

Second, the earned income credit is a refundable tax credit. Even if a taxpayer owes no tax, the taxpayer may claim the earned income credit and receive a refund in that amount. The Hope credit is a nonrefundable tax credit. A taxpayer cannot receive a refund to the extent the Hope credit exceeds the taxpayer's federal tax liability. Education Tax Credits 64 Fed. Reg. 794, 795 (1999) (to be codified at 26 C.F.R. pt. 1) (proposed January 6, 1999). In other words, while the Hope credit offsets, dollar for dollar, a taxpayer's liability for tax, the earned income credit is treated in the same fashion as a tax pay-

---

4. Neither the parties nor the Court could locate any decisional authority on the issue, from Idaho or elsewhere.

5. While settled in this District, the issue of whether the federal earned income credit can be exempted under statutes protecting "public assistance" payments continues to divide the courts elsewhere. *Compare In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998) (earned income credit exempt as public assistance benefit); *In re Brockhouse,* 220 B.R. 623 (Bankr.C.D.Ill.1998) (same); *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995) (same); *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky.1992) (same); and *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991), *with In re Trudeau,* 237 B.R. 803 (10th Cir. BAP 1999) (earned income credit was not public assistance); *In re Rutter,* 204 B.R. 57 (Bankr.D.Or.1997) (earned income credit was not exempt because state statutes dealing with public and general assistance was limited to payments made under state law), and *In re Goertz,* 202 B.R. 614 (Bankr.W.D.Mo.1996) (earned income credit was not local public assistance benefit). The Ninth Circuit has not had occasion to rule on the issue.

ment. In addition, the earned income credit peaks when a taxpayer, filing a joint return with two qualifying children,[6] earns between $9,500 and $12,500. The earned income credit is entirely phased out for taxpayers with income over $30,580. 26 U.S.C. § 32(f)(1)—(2); 1999 E.I.C. Table, Instructions for 1999 Form 1040. The Hope credit, on the other hand, does not begin to phase out until the income reported on a joint return reaches between $80,-000 and $100,000. 26 U.S.C. § 25A(d); Education Tax Credits 64 Fed.Reg. 794, 795 (1999) (to be codified at 26 C.F.R. pt. 1) (proposed January 6, 1999); Internal Revenue Service Publication 970 (1999), p. 3. The Hope credit was designed to benefit a broad range of individuals and families incurring educational expenses, including many earning substantial incomes. While undoubtedly the Hope credit will aid lower income individuals and families, its purpose was not limited to assisting the working poor, as was the earned income credit.

### Conclusion

While the earned income credit can be properly described as "public assistance legislation" as that term is used in the Idaho exemption statutes, the different purpose and availability of the Hope credit convince this Court the Hope credit is not exempt under Idaho Code § 11–603(4). The Hope credit was intended to encourage taxpayers' education generally. It was not intended to help the poor. Accordingly, by separate order, Trustee's objection to Debtors' claim of exemption will be sustained.

---

**6.** Debtors claimed an earned income credit amount for two qualifying children.