In re Larry D. STEINMETZ and Carrie L. Steinmetz, Debtors.

No. 00–41660.

United States Bankruptcy Court, D. Idaho.

March 7, 2001.

Bradley R. Rice, Twin Falls, Idaho, for debtors.

R. Sam Hopkins, Pocatello, Idaho, trustee.

## MEMORANDUM OF DECISION RE TRUSTEES OBJECTION TO DEBTORS CLAIM OF EXEMPTION

JIM D. PAPPAS, Chief Judge.

### I. Background

Chapter 7 Trustee R. Sam Hopkins ("Trustee") objects to an exemption claimed by Debtors Larry D. and Carrie L. Steinmetz ("Debtors") concerning a portion of their federal income tax refund (Docket No. 23). A hearing was held on February 5, 2001, after which this matter

was taken under advisement. The following constitutes this Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052; 9014.

## II. Facts

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on October 2, 2000. On an amended schedule C filed on November 28, 2000 (Docket No. 11), Debtors claimed $779 of their $808 1999 federal income tax refund exempt pursuant to Idaho Code § 11–603(4). The portion of the refund claimed exempt is due to Debtors' eligibility for the "additional child tax credit" authorized under section 24(d) of the Internal Revenue Code. 26 U.S.C. § 24(d). Trustee timely objected on December 19, 2000 (Docket No. 14). Fed.R.Bankr.P. 4003(b).

## III. Discussion

 Section 522(b) of the Bankruptcy Code allows a debtor to exempt property from the bankruptcy estate. As provided in Section 522(d), Idaho has "opted out" of the exemptions provided under the Bankruptcy Code, and instead limits residents to those exemptions authorized under state law. Idaho Code § 11–609. As the objecting party, Trustee has the burden of showing a claimed exemption is improper. Fed.R.Bankr.P. 4003(c); *In re Dever*, 250 B.R. 701, 704, 00.3 I.B.C.R. 149, 150 (Bankr.D.Idaho 2000). Moreover, exemption statutes are liberally construed in favor of the debtor. *Id.*

Idaho Code § 11–603(4) allows a debtor to exempt without limitation "benefits the individual is entitled to receive under federal, state, or local public assistance legislation." This Court has recently issued three decisions relating to whether tax refunds were properly claimed as exempt under this statute. When a debtor's refund is attributable to the "earned income credit" provided under Section 32 of the Tax Code, this Court held the refund was subject to exemption under Idaho Code § 11–603(4) as "public assistance." *In re Jones*, 107 B.R. 751, 89 I.B.C.R. 288 (Bankr.D.Idaho 1989); *see also In re Dennett*, 1995 WL 128474 (Bankr.D.Idaho 1995). On the other hand, when the refund is traceable to the education tax credit, known as the Hope Scholarship Credit, 26 U.S.C. § 25A, or the child tax credit, 26 U.S.C. § 24, the refund is not exempt. *In re Crampton*, 249 B.R. 215, 00.2 I.B.C.R. 83 (Bankr.D.Idaho 2000); *Dever*, 250 B.R. at 706, 00.3 I.B.C.R. at 151 (Bankr.D.Idaho 2000).

In *Crampton* and *Dever*, the Court adopted a three-part inquiry to determine whether the tax credit was actually in the nature of public assistance and therefore subject to exemption:

> First, what is the purpose and policy of the tax credit, as enunciated by the courts or established by legislative history, and in particular is that policy one of "public assistance" as found in *Jones*. Second, what is the nature of the debtor/taxpayer's access to the credit, i.e., is it a refundable credit. Third, when and at what income levels is the credit phased down and/or eliminated.

*Crampton*, 249 B.R. at 217–18, 00.2 I.B.C.R. at 84–85; *Dever*, 250 B.R. at 704, 00.3 I.B.C.R. at 150.

 Whether the additional child tax credit is properly exemptible as a benefit from "public assistance legislation" under Idaho Code § 11–603(4) is a question of first impression in this District. Additionally, the parties and Court have been unable to locate case law from other jurisdictions concerning this issue. After reviewing the nature of the additional child tax credit, the Court will apply this three step analysis from its own cases.

### A. The credit

 Debtors assert that $779 of their federal tax refund is attributable to the

"supplemental child credit" provided under 26 U.S.C. § 32(n). However, upon closer analysis of the statutes, it appears the credit claimed is actually derived from 26 U.S.C. § 24(d), entitled "Additional credit for families with 3 or more children." This credit is referred to as the "additional child tax credit" on line 60 of the federal income tax Form 1040, and the supporting Form 8812, the additional child tax credit worksheet.

The provision establishing the additional child tax credit is a subsection of the child tax credit, authorized by Congress as part of the Taxpayer Relief Act of 1997. As noted above, this Court found the child tax credit could not be exempted under Idaho Code § 11–603(4). However, compared to the child tax credit, the additional child tax credit is different in one important respect. While the general child tax credit is a nonrefundable credit against tax, if a taxpayer's family has three or more children, a portion of the child tax credit is treated as a refundable credit for purposes of the additional child tax credit. This allows the qualifying taxpayer to receive an actual refund rather than an offset against any taxes due. In other words, to the extent the credit exceeds the total tax liability, a taxpayer qualifying for an additional child tax credit will receive a payment from the Government.

### B. The purpose and policy of the additional child tax credit.

What was the purpose and policy Congress sought to achieve in enacting the additional child tax credit? Surprisingly, a search of the legislative history regarding the additional child tax credit leaves the Court to speculate. Rather than focusing specifically upon the additional child tax credit, the legislative history instead refers to the child tax credit in general. As reported in *Dever*, the following purpose was enunciated by Congress concerning that credit:

> The Committee believes that the individual income tax structure does not reduce tax liability by enough to reflect a family's reduced ability to pay taxes as family size increases. In part, this is because over the last 50 years the value of the dependent personal exemption has declined in real terms by over one-third. The Committee believes that a tax credit for families with dependent children will reduce the individual income tax burden of those families, will better recognize the financial responsibilities of raising dependent children, and will promote family values. In addition, the Committee believes that the credit is an appropriate vehicle to encourage taxpayers to save for their children's education.

*Dever*, 250 B.R. at 705, quoting H.R.Rep. 105–148, at 309–10 (1997); S.Rep. 105–33, at 42 (1997); U.S.Code Cong. & Admin.News 1997 at pp. 678, 704.

Because no distinct legislative purpose was articulated to support enactment of the additional child tax credit, the Court must assume Congress' purpose and policy was the same as expressed to support the child tax credit, *i.e.*, reducing the income tax burden for any large families. Importantly, this purpose is markedly different than the policy promoted by Congressional adoption of the earned income credit. As noted in this Court's decisions, the earned income credit was clearly designed "to afford economic relief to low income heads of household who work for a living." *Jones*, 107 B.R. at 751–52, 89 I.B.C.R. at 289, citation omitted.

### C. The debtor/taxpayer's access to the credit.

As pointed out above, while the general child tax credit is usually non-refundable, a portion of this credit will be refunded if a

taxpayer's family consists of three or more children. 26 U.S.C. § 24(d). Such a taxpayer is entitled to a refund of either the amount of the child tax credit, or that portion of the child tax credit equal to the amount of taxes paid which exceed the earned income credit, whichever is less. 26 U.S.C. § 24(d). In this respect, then, the additional child tax credit resembles the refundable earned income credit provided under 26 U.S.C. § 32, which this Court has determined to be subject to exemption under Idaho Code § 11–603(4). *Jones,* 107 B.R. at 752, 89 I.B.C.R. at 289.

### D. Income levels at which the credit is phased out/eliminated.

Because the additional child tax credit is provided as a subsection of the statute establishing the child tax credit, the applicable income thresholds to qualify for the credit are the same. For taxpayers filing a joint return, the child tax credit begins to phase out when a taxpayer's adjusted gross income reaches $110,000. 26 U.S.C. § 24(b)(2)(A). By contrast, the earned income credit for families with two or more children begins phasing out when the taxpayers' adjusted gross income exceeds $12,500, and is completely eliminated for these families with an adjusted gross income above $30,850. Internal Revenue Service Publication 596, Earned Income Credit Table, pp. 47–49. The high threshold employed by Congress before the additional child tax credit begins to phase out indicates this credit was meant to apply to large families at a variety of income levels, and that the credit was not targeted to assist only lower-income families. In this important respect, the additional child tax credit is comparable to the education tax credit found by this Court in *Crampton* to be non-exempt. 249 B.R. at 217.

### IV. Conclusion

To be sure, the Court would prefer to resolve the issue presented by resort to the clear instructions of Congress. However, there is almost no information available disclosing the intent of the legislators in enacting the additional child tax credit. No cases have addressed the issue, either. Therefore, the Court must discover Congressional intent from inferences drawn from the operation of the statutes, and by applying the analysis developed in the decisions of this Court concerning Idaho Code § 11–603(4).

Although the additional child tax credit may be refundable, the high income threshold adopted by Congress before the credit starts to phase out clearly indicates the credit was not intended as a form of public assistance legislation. Therefore, Debtors' claim of exemption in $779 of their federal income tax refund pursuant to Idaho Code § 11–603(4) must be disallowed and Trustee's Objection (Docket No. 14) should be sustained.

A separate order will be entered.