NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| In re: | ) | BAP No.  ID-13-1218-JuKiKu |
|---|---|---|
| STEPHANIE LYNN, | ) | Bk. No.  ID-12-02896-TLM |
| Debtor. | ) | |
| STEPHANIE LYNN, | ) | |
| Appellant, | ) | |
| v. | ) | M E M O R A N D U M* |
| JEREMY J. GUGINO, Chapter 7 Trustee; | ) | |
| Appellee. | ) | |

Argued and Submitted on November 22, 2013
at Pasadena, California

Filed - December 2, 2013

Appeal from the United States Bankruptcy Court
for the District of Idaho

Honorable Terry L. Myers, Chief Bankruptcy Judge, Presiding
_____

Appearances:     Brian John Coffey, Esq. argued for appellant
                 Stephanie Lynn; Matthew Todd Christensen, Esq.,
                 of Angstman, Johnson & Associates, PLLC argued
                 for appellee Jeremy J. Gugino.
                 _____

Before:  JURY, KIRSCHER, and KURTZ, Bankruptcy Judges.

_____

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Debtor Stephanie Lynn appeals from the bankruptcy court's order sustaining the objection of appellee-chapter 7[1] trustee, Jeremy J. Gugino, to debtor's homestead exemption of unimproved real property. At issue is whether debtor "actually intended" to make unimproved real property her homestead within the meaning of Idaho Code § 55-1001(2). For the reasons explained below, we AFFIRM.

## I.  FACTS

### A.  Prepetition Events

Debtor and her ex-husband, David Arthaud (Arthaud), purchased unimproved property located on Placer Creek Road (Place Creek property) near Boise, Idaho. In 2006, debtor initiated divorce proceedings and the parties subsequently entered into a Stipulated Judgment and Decree of Divorce filed July 31, 2007. Attached to the divorce decree is a Martial Property Settlement Agreement (MPSA) that deals with, among other things, the Placer Creek property. The terms of MPSA require that the parties sell the property, deposit the proceeds in debtor's attorney's trust account, and then distribute the proceeds according to a distribution scheme. Under the MPSA, debtor and Arthaud have equal access to the property until it is sold.

On August 24, 2012, debtor executed a declaration of abandonment of her residence located on Elk Creek Road in Idaho

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-2-

City (Elk Creed Road property) and a declaration of homestead on the Placer Creek property. She recorded both documents on August 27, 2012, in Boise County, Idaho.

**B.    Bankruptcy Events**

Not long after, on December 11, 2012, debtor filed her chapter 7 petition. Gugino was appointed trustee.

The Placer Creek property had not been sold by the petition date. In Schedule A, debtor listed the Placer Creek property with a value of $32,872 and listed her ownership interest as fee simple. In Schedule C, debtor claimed the Placer Creek property exempt for its full value under Idaho Code §§ 55-1001, 55-1002, and 55-1003.

Trustee timely objected to debtor's homestead exemption in the Placer Creek property, asserting that: (1) the property was unimproved bare ground; (2) debtor was not living on or otherwise occupying the property on the petition date; (3) the property had been listed for sale almost continuously for several years prior to the petition date; and (4) the MPSA required debtor and her husband to sell the property and distribute the proceeds according to a distribution scheme. Based on these facts, trustee argued that the property did not qualify as a homestead under Idaho law because debtor could not have "actually intended" to use the property as her principal home within the meaning of Idaho Code § 55-1001(2).

In response to the objection, debtor requested an evidentiary hearing to determine her subjective intent to reside on the property. Debtor further asserted that to the extent trustee was arguing that she could not have had the requisite

-3-

intent due to the language in the MPSA, that argument should fail as a matter of law.

In his memorandum, trustee maintained that the facts were not substantially in controversy and that the adjudication of the matter would turn largely on the language in the MPSA which required the parties to sell the Placer Creek property. According to trustee, because debtor was under a court order to sell the property, her sale power rights were transferred to trustee on the date of debtor's filing. As a result, trustee asserted that debtor's requisite intent to make the property her homestead "went away" as soon as her sale power rights were transferred.

In her responsive memorandum, debtor contended that although the divorce decree required the parties to sell the Placer Creek property, there was no timeframe or deadline for doing so. Debtor further argued that the decree and MPSA made clear that she and her ex-husband had equal access to the property until it was sold.

On April 22, 2013, the bankruptcy court held an evidentiary hearing. The evidence consisted of the divorce decree, debtor's declarations of homestead and abandonment, debtor's schedules and statement of financial affairs, and debtor's testimony.

After taking the matter under advisement, the bankruptcy court orally entered its decision on the record, sustaining trustee's objection and disallowing debtor's homestead exemption. The bankruptcy court found that: (1) debtor testified that the Placer Creek property had been listed for sale for much of the time from and after 2007, although

-4-

occasionally it was taken off the market for strategic reasons during the winter season and again briefly when a real estate agent handling the property passed away; (2) debtor had occupied the Elk Creek Road property from December 2007 through October 2011 and ceased occupancy some 14 months prior to her surrendering that property through her statement of intention; (3) debtor's schedules showed the Elk Creek Road property was significantly underwater and that a mortgage was owed to Bank of America well exceeding the value of the property; (4) on August 24, 2012, debtor executed the abandonment of the Elk Creek Road property as her homestead and a declaration asserting a homestead on the Placer Creek property; (5) the only occupancy of the Placer Creek property was a few summer months prior to debtor's divorce in 2006; (6) debtor's testimony did not describe any steps that she had taken at any time, up to or after the filing of the petition, to make the Placer Creek property her primary residence; and (7) on the date of her filing, debtor lived in rental property and worked in Meridian, Idaho, which was some distance from the Placer Creek property.

Based on these facts, the bankruptcy court concluded that the weight of the objective evidence, and the direct and circumstantial evidence provided by trustee, successfully impeached debtor's testimony of her actual intent to reside on the Placer Creek property. In the end, the court concluded that debtor did not have the actual intent required by the Idaho Code in order to substantiate the homestead exemption.

On April 30, 2013, the bankruptcy court entered the order sustaining trustee's objection to debtor's claim of exemption.

-5-

Debtor timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred in sustaining trustee's objection to debtor's homestead exemption in the unimproved Placer Creek property.

## IV. STANDARDS OF REVIEW

We review questions of fact, such as the bankruptcy court's ultimate decision regarding debtor's actual intent to make the Placer Creek property her homestead, under the clearly erroneous standard. Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). We affirm the bankruptcy court's factual findings unless its interpretation of the facts was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc).

We review a bankruptcy court's conclusions of law, including its interpretation of state law, de novo. Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009).

## V. DISCUSSION

When debtor filed her chapter 7 petition, all her assets became "property of [her] bankruptcy estate, see 11 U.S.C. § 541, subject to [her] right to reclaim certain property as 'exempt.'" Schwab v. Reilly, 560 U.S. 770, 130 S.Ct. 2652, 2657

-6-

(2010). "Property a debtor claims as exempt will be excluded from the bankruptcy estate '[u]nless a party in interest' objects." Id. (citing § 522(l)). Whether property qualifies as exempt is to be determined as of the date of the filing of debtors' chapter 7 petition. White v. Stump, 266 U.S. 310, 313 (1924); In re Cerchione, 414 B.R. at 548.

Section 522(b) allows debtors to choose the exemptions afforded by state law or the federal exemptions listed under § 522(d). Idaho has elected to "opt out" of the federal exemptions. Idaho Code § 11-609. Therefore, debtor was limited to the exemption allowed under Idaho state law. In re Steinmetz, 261 B.R. 32, 33 (Bankr. D. Idaho 2001). Idaho exemption statutes are to be liberally construed in favor of the debtor. Id.

Trustee, as the party objecting to debtor's homestead exemption, had the burden of production and persuasion, and therefore must produce evidence to rebut the presumptively valid exemption. In re Kelly, 300 B.R. at 17. "While the burden of persuasion always remains with the objecting party, if the objecting party can produce evidence to rebut the presumption, then the burden of production shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper." Id. To have his objection sustained, trustee must prove by a preponderance of the evidence that debtor lacked the intent required under the Idaho Code. Id.

In Idaho, the homestead can be established automatically by occupying a home as one's principal residence or by recording a proper declaration of homestead. Idaho Code § 55-1004. To

claim a homestead exemption in bare land or improved property which he or she does not yet occupy, the debtor must record a proper declaration. Idaho Code § 55-1004(2). In the case of a debtor who owns more than one parcel of property and who desires to claim a homestead exemption in a parcel he or she does not yet occupy, the debtor must execute and record two different declarations: a declaration of homestead as to the unoccupied property, and a declaration of abandonment as to the occupied property.

Trustee does not dispute that debtor recorded the requisite declarations or that the declarations were in the proper form. Rather, the trustee asserts that to prove debtor "actually intended" to make the Placer Creek property her homestead within the meaning of Idaho Code § 55-1001(2), debtor needs more than a mere declaration of homestead. We agree.

Idaho Code § 55-1001(2) states:

> 'Homestead' means and consists of the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon .... Property included in the homestead must be actually intended or used as a principal home for the owner.

The plain language of the statute states that property included in the homestead must be "actually intended" as a principal home for the owner. Black's Law Dictionary defines "actual" as "existing in fact; real." Thus, the phrase "actually intended" involves an examination of external verifiable facts as opposed to examining only an individual's subjective intention. As a result, determining a debtor's

-8-

"actual" intent to establish a homestead on property is a factually intensive endeavor. In re Kelley, 300 B.R. at 16; In re Moore, 269 B.R. 864, 868 (Bankr. D. Idaho 2001). However, in analyzing the debtor's actual intent to occupy the property, the exemption does not require proof of an ability to actually occupy. See In re Ramsey, 2013 WL 3205415, at *4 (9th Cir. BAP 2012) citing In re Conley, 1999 WL 33490228, at *12 (Bankr. D. Idaho 2001) (finding that the debtor's decade long litigation concerning the unimproved property was indicative of his subjective intent to make the property his homestead).

As the trier of fact, the bankruptcy court had to determine whether debtor's testimony was credible, which of the permissible competing inferences it would draw from the evidence presented, and ultimately whether the party with the burden of persuasion — here the trustee — had persuaded it that the requisite facts showing intent or lack thereof were proven. The record shows that the bankruptcy court performed this function properly.

The bankruptcy court summarized the evidence in support of the trustee's position and debtor's countervailing evidence that it considered. The court did not find debtor's testimony persuasive regarding her actual intent to occupy the Placer Creek property in light of other evidence in the record that suggested the contrary. The bankruptcy court noted that other than debtor's declarations regarding the abandonment and declaration of her homestead, debtor did not testify that she had taken any steps to occupy the property. Moreover, debtor did not refute the terms of the divorce decree or that she had

-9-

been continually marketing the Placer Creek property prior to filing her bankruptcy petition. Instead, debtor hung her hat on the fact that the divorce decree did not specify a time when the property was to be sold. However, contrary to debtor's suggestion, the bankruptcy court did not solely rely on the divorce decree to either establish or refute debtor's intent because it was silent as to the occupancy of the property, not even addressing it.

In sum, the bankruptcy court did not clearly err in finding that debtor did not have the actual intent to make the Placer Creek property her homestead. The record as a whole supports the bankruptcy court's inferences and findings. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 574-75 (1985).

## VI. CONCLUSION

For these reasons, we AFFIRM.