**IN RE: Michael S. GUTKE and Laura L. Gutke, Debtors.**

**Bankruptcy Case No. 14–40963–JDP**

United States Bankruptcy Court, D. Idaho.

Signed April 2, 2015

Jay A. Kohler, Idaho Falls, ID, Attorney for Debtors.

R. Sam Hopkins, pro se, Pocatello, ID, Chapter 7 Trustee.

## MEMORANDUM OF DECISION

Honorable Jim D. Pappas, United States Bankruptcy Judge

### Introduction

Chapter 7[1] trustee R. Sam Hopkins' ("Trustee") objected to an exemption claimed by Debtors Michael and Laura Gutke in certain life insurance proceeds. Dkt. No. 18. Debtors opposed the objection. Dkt. No. 19. The parties stipulated to the relevant facts. Dkt. Nos. 23; 26. After a hearing, the Court took the issues under advisement. This Memorandum disposes of the objection. Fed. R. Bankr. P. 7052; 9014.

### Facts [2]

On August 20, 2014, Debtors filed a chapter 7 bankruptcy petition. On September 15, 2014, Michael's [3] mother passed

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2. The facts are taken from the Stipulation of Facts filed in the case, Dkt. No. 23, the Sup-

plement to the Stipulation of Facts, Dkt. No. 26, and from selected entries, as indicated, in the Court's docket.

3. The Court refers to Debtor by first name for clarity; no disrespect is intended.

away. Exh. 100. Debtors learned on October 16, 2014, that Michael was the beneficiary under a life insurance policy on his mother's life with a benefit in the amount of $4,250. Exh. 101. Debtors dutifully informed their bankruptcy counsel about Michael's entitlement to the insurance proceeds,[4] who in turn notified Trustee. Exh. 102.

On October 22, 2014, Debtors filed an amended schedule B to include the life insurance proceeds, and also amended schedule C to claim the full amount of the insurance proceeds exempt pursuant to Idaho Code § 41–1833(1). Dkt. No. 16. On November 12, 2014, Trustee objected to Debtors' amended exemption claim in the life insurance proceeds because, he argued, Idaho Code § 41–1833(1) only exempts the proceeds from the claims of creditors of the purchaser. Dkt. No. 18. On November 19, 2014, Debtors responded to the objection defending their exemption claim. Dkt. No. 19.

### Analysis and Disposition

When a bankruptcy case is commenced, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate, available for liquidation and distribution to creditors. § 541(a)(1). However, in addition to the property interests existing on the petition date, a debtor's bankruptcy estate will also include certain property to which the debtor later become entitled. In particular, as relevant here, the bankruptcy estate also includes a debtor's right to any proceeds which the debtor becomes entitled to receive as a beneficiary under a life insurance policy that arises within 180 days after the filing of the bankruptcy petition. § 541(a)(5)(c); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 617–18 (9th Cir.1988); *In re Brown*, 88 IBCR 75, 75–76 (Bankr. D. Idaho 1988). Here, Debtors do not dispute that the life insurance proceeds Michael received from his mother's life insurance policy were property of the bankruptcy estate. Debtors timely supplemented their schedules to disclose Michael's interest in the insurance proceeds, and to claim them as exempt.[5]

While the scope of the bankruptcy estate is broad, under § 522(b)(1), individual debtors may exempt certain property from the estate, and thereby shield it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, with limited exceptions, debtors in this State may claim only those exemptions allowed under Idaho law. § 522(b)(3); Idaho Code § 11–609.

Consistent with their purpose, Idaho exemption statutes are liberally construed in favor of the debtor. *In re Wiley*, 352 B.R. 716, 718 (Bankr.D.Idaho 2006); *In re Kline*, 350 B.R. 497, 502 (Bankr.D.Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr.D.Idaho 2001)). And as the objecting party, Trustee bears the burden of proving Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Katseanes*, 07.4 IBCR 79, 79 (Bankr. D. Idaho 2007).

In this case, Debtors claim the insurance proceeds are exempt based upon Idaho Code § 41–1833(1), which provides:

> postpetition property, the debtor must supplement the schedules and claim the property exempt within fourteen days "after the information comes to the debtor's knowledge...."

---

**4.** The proceeds were directly deposited into Debtors' checking account on October 28, 2014.

**5.** *See* Rule 1007(h) (providing that, if a debtor acquires, or becomes entitled to acquire any

If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life, or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance or executors or administrators of such insured or the person so effecting such insurance, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person, and such proceeds and avails shall be exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for his use: provided, that subject to the statute of limitations, the amount of any premiums for such insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the insurer issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, the insurer shall have received written notice at its home office, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed.

It is fair to observe that this statute, originally enacted in 1961, and amended only once since, is not a model of clarity. Indeed, this provision seemingly attempts to make up through confusion for what it lacks in punctuation. Moreover, its legislative history provides no insight as to its proper interpretation, and the Court and parties have been unable to uncover any reported decisions construing this statute rendered during the fifty-four years since its enactment. Acknowledging their frustration, when Trustee and Debtors' counsel appeared before the Court, they both candidly admitted that they could not fully understand this statute. It is against this backdrop that the Court must attempt to parse the statutory language and to decide whether the insurance proceeds paid to Michael are exempt.

The chore of understanding the statute is exacerbated by the morass of explanatory and excepting clauses found in its single sentence. This predicament led to the different interpretations advanced by Trustee and Debtors in this case. While Debtors contend the statute exempts the proceeds of a life insurance policy from the beneficiary's creditors, Trustee argues that is only correct if the preceding clause, and its corresponding limitation, comes into play.

The statute provides that the beneficiary of a life insurance policy,

shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, *whether or not* the right to change the beneficiary is reserved or permitted, *and whether or not* the policy is made payable to the person whose life is insured *if* the beneficiary or assignee shall predecease such person, *and* such proceeds and avails shall be exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for his use[.]

Idaho Code § 41–1833(1) (emphasis added). As can be seen, both "whether or not" clauses in this portion of the statute

explain that a beneficiary is entitled to the proceeds, *as against the insured's creditors,* regardless of whether the purchaser had the right to change the beneficiary, and regardless of whether the beneficiary predeceases the person whose life is insured under the policy. After a comma, another new clause provides "*and* such proceeds and avails shall be exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for his use[.]" It is incongruous to read this clause as modifying or limiting the prior clauses, as they dealt with the relative rights to the proceeds as between the insured and the insured's creditors, while the last clause limits the rights of the creditors of the beneficiary. Thus, the Court respectfully disagrees with the Trustee's reading of the statute.

Bearing that in mind, when those clauses that are inapplicable to the facts in this case are ignored, the statute can be simply paraphrased as follows:

> If an insurance policy is purchased by any person on his own life, or on another's life, in favor of a person other than the purchaser, the beneficiary of the policy is entitled to its proceeds as against any of the creditors and representatives of the insured and of the purchaser, and the proceeds are exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for the beneficiary's use.

Compressing its language even more, the statute instructs that the proceeds of a life insurance policy are exempt from the claims of the beneficiary's creditors existing at the time they are made available for the beneficiary's use.

A secondary authority reaches the same conclusion:

> Under Idaho law, the proceeds and avails of a life insurance policy on any

person's life are protected against the creditors and representatives of the insured and the person effecting the policy so long as the policy is in favor of an individual other than the insured, the person effecting the policy, or the executor or administrator of the estate of the insured or the person effecting the policy. This exemption applies whether or not a right to change the beneficiary is reserved or permitted, and whether or not the insured is a contingent beneficiary of the policy. *The proceeds and avails of such a policy are also exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for his or her use.* However, any premiums paid with the intent to defraud creditors inure to the benefit of such creditors from the proceeds of the policy, with interest.

Duncan E. Osborne & Elizabeth L. Morgan, ASSET PROTECTION: DOM. & INT'L L. & TACTICS, § 8:14 (Thomson/West 1997), *available at* Westlaw ASSETP § 8:14 (emphasis added); *see also* Myron Kove & George Gleason Bogert, THE LAW OF TRUSTS AND TRUSTEES § 244, p. 123 (3d ed. 2012) (citing, among other statutes, Idaho Code § 41–1833(1), and explaining that "[t]he insurance codes in many states make the interest of the beneficiary of life insurance, whether the policy is payable to him or her directly or through a trust, exempt from the claims of his or her own creditors, in some cases without regard to the amount of the policy or the relationship of the beneficiary to the insured.")

Delaware, Kentucky, and Vermont have statutes which are nearly identical to Idaho Code § 41–1833(1). *See,* 18 Del.C. § 2725; K.R.S. § 304.14300; and 8 V.S.A. § 3706. Unfortunately, there are very few court decisions analyzing these statutes at all, and most of them concern whether the

"intent to defraud" exception to the exemption is present.

A Washington statute is nearly identical to that pertinent here. Wash. Rev. Code Ann. § 48.18.410.[6] As to this law, a Washington court has observed:

> Washington's statute is very liberal in protecting all classes of beneficiaries, all proceeds (including cash values), and in exempting the proceeds from both the insured's and the beneficiary's creditors. Life insurance proceeds exemption statutes in general, and Washington's in particular, have been afforded a very liberal construction so as to achieve their purposes.

*Feminist Women's Health Ctr. v. Codispoti,* 118 Wash.2d 99, 821 P.2d 1198, 1201 (Wash.1991). In addition, the statute has been interpreted in the bankruptcy context to mean that the "proceeds and avails" of a life insurance policy "shall be exempt from all liability for any debt," and that "proceeds and avails" includes the policy's cash surrender value. *In re Mehrer,* 2 B.R. 309, 312 (Bankr.E.D.Wash.1980) (citing *In re Elliott,* 74 Wash.2d 600, 446 P.2d 347 (Wash.1968)).

Finally, a respected insurance law treatise has commented on statutes exempting insurance proceeds from the claims of creditors by noting that they:

> are not declarative of any common-law principle, but are enabling acts creating a new right and conferring a special

privilege, and although there must be compliance with the statute to secure the exemption intended, a liberal construction will nevertheless be given to secure the relief intended where a proper case arises for which the statute makes provision.

Steven Plitt *et al.,* COUCH ON INSURANCE § 66:13 (3d ed. 2012).

■ While Idaho's statute is a challenge to even read, reduced to its essence, the Court concludes that it adequately expresses an intent by the Legislature to protect the proceeds of a life insurance policy from the reach of the beneficiary's creditors.[7] When coupled with the mandate that Idaho exemption statutes are to be construed in favor of the debtor, the Court concludes that Idaho Code § 41–1833(1) should be read to exempt life insurance proceeds from the creditors of the beneficiary, subject to the myriad conditions and exceptions contained in the statute. As Trustee has not argued that any of those conditions or exceptions are implicated in this case, the insurance proceeds Michael received as the beneficiary under his mother's policy are exempt.

### Conclusion

Debtors' claim of exemption in life insurance proceeds under Idaho Code § 41–1833(1) is proper, and Trustee's objection

---

**6.** It provides: "[t]he lawful beneficiary, assignee, or payee of a life insurance policy, other than an annuity, heretofore or hereafter effected by any person on his or her own life, or on the life of another, in favor of a person other than himself or herself, shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the insurance, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, existing at the time the proceeds or avails are made available for his or her own use."

**7.** It deserves mention that the two provisions in the Idaho Code that follow the statute invoked by Debtors here, §§ 41–1834 and 1835, each contain a much clearer provision exempting the proceeds of disability insurance and group insurance, respectively, from the claims of creditors of the beneficiary. The Court can not discern any reason why the Idaho Legislature would not afford a similar protection to life insurance proceeds.

to the exemption claim will be denied. A separate order will be entered.