**In re Laurie Suzanne KOCH, Debtor.**

No. 03–80077.

United States Bankruptcy Court,
C.D. Illinois.

Sept. 25, 2003.

Karl R. Niebuhr, Peoria, IL, for Debtor.

Charles E. Covey, Peoria, IL, trustee.

### *OPINION*

THOMAS L. PERKINS, Bankruptcy Judge.

This matter is before the Court on the objection by the Trustee, Charles E. Covey (TRUSTEE), to the claim of exemption by the Debtor, Laurie S. Koch (DEBTOR), in her income tax refunds, and on the TRUSTEE'S motion for turnover of those refunds. As a matter of first impression, the Court must determine whether the federal child tax credit is in the nature of a public assistance benefit as that term is used in the Illinois personal property exemption statute.

The DEBTOR filed a Chapter 7 petition on January 8, 2003. The DEBTOR is divorced and has custody of her two minor children. The DEBTOR did not schedule any income tax refunds which she might receive for the year 2002. At the first meeting of creditors, held on February 5, 2003, the TRUSTEE discovered that the DEBTOR was entitled to receive significant federal and state income tax refunds

for that year. The TRUSTEE promptly filed a motion for turnover of the tax refunds. The TRUSTEE obtained copies of the DEBTOR'S tax returns showing that she was entitled to receive a federal income tax refund of $5,488.00 and a state income tax refund of $536.00.

In an attempt to retain the refunds, the DEBTOR filed an amendment to her schedule of personal property, both including the tax refunds and reducing the value of her other property, and amending her claim of exemptions to reflect those changed values and to include a portion of the tax refunds she received. In her response to the TRUSTEE'S motion, the DEBTOR asserted that the amount subject to turnover was limited to $1,265.00, and offered to make monthly payments of $100.00, because she no longer had the funds.

At the hearing held on both the matters, the DEBTOR withdrew the amended schedules, including her amended claim of exemption. The TRUSTEE acknowledged that $14.00 of the total amount of the tax refunds of $6,024.00 received by the DEBTOR is exempt under the wildcard exemption, and conceded that the earned income credit in the amount of $1,917.00 is exempt. The TRUSTEE disputed the DEBTOR'S right to claim an exemption in the child tax credit, amounting to $1,200.00. The parties were directed to submit authority and the matter was taken under advisement by the Court. In his brief, the TRUSTEE identified the DEBTOR as having received two child tax credits in the amounts of $818.00 and $382.00. After reviewing the record, the Court directed the DEBTOR to file a complete copy of both her federal and state income tax returns. The DEBTOR has complied with this request and the tax returns are now a part of the record. Notwithstanding the fact that the DEBT-

OR has withdrawn her claim of exemption in the tax refunds, the parties have addressed the issue in their briefs and this Court will determine the merits of the claim and afford her an opportunity to amend her claim of exemption in accordance with its ruling.

In addition to the longstanding dependency exemption available to taxpayers, Section 24 of the Internal Revenue Code, enacted in 1997, provides for a credit for each of a taxpayer's dependent children under the age of seventeen.[1] 26 U.S.C. § 24. For the year 2002, the amount of the credit was $600.00 per child.[2] To the extent the joint income of married taxpayers exceeds $110,000.00, the credit is reduced by $50.00 for each $1,000.00 of income in excess of the threshold. The threshold for other taxpayers is $75,000.00. For some taxpayers, the child tax credit is partially refundable. The nonrefundable portion, like certain other tax credits, may be used by a taxpayer only to offset tax liability, whereas the refundable portion entitles a taxpayer to a payment from the government if the credit exceeds the tax due. The child tax credit is refundable to the extent of ten percent of the amount by which the taxpayer's earned income exceeds $10,350.00.[3] The amount of the refundable child tax credit is referred to as the "additional child tax credit" and is claimed on Form 8812 of the income tax return.

The DEBTOR'S 2002 Federal Income Tax return reports wages in the amount of $24,060.00 and a tax liability of $818.00, reduced to zero by the general child tax credit claimed in that amount (line 33 of Form 1040A). The DEBTOR claimed an additional child tax credit of $382.00 (line 42 of Form 1040A), which, combined with her income tax withheld of $3,189.00 and the earned income credit of $1,917.00, entitled her to a refund of $5,488.00.[4] The DEBTOR attached Form 8812, Additional Child Tax Credit, to her return.

The DEBTOR claims that both the general and the additional child tax credits are exempt as a "public assistance benefit" under Section 12–1001(g)(1) of the Illinois personal property exemption law, which provides for an exemption in a debtor's right to receive "a social security benefit, unemployment compensation, or public assistance benefit." 735 ILCS 5/12–1001(g)(1).[5] The DEBTOR'S characterization of the issue as one of first impression

---

1. The credit, added by the Taxpayer Relief Act of 1997, Pub.L. No. 105–34, 105th Cong, 1st Sess., approved August 5, 1997, first became available to taxpayers in 1998. Since its enactment, the mechanics of the credit have undergone significant changes. The formula for computation of the credit, set forth in Section 24, is complex and this Court has simplified its analysis for purposes of this Opinion.

2. With the recent enactment of the Jobs and Growth Tax Relief Reconciliation Act of 2003, on May 28, 2003, the amount of the credit has been increased to $1,000.00. PL 108–27, 117 Stat. 752.

3. An additional calculation is required in the case of a taxpayer with three or more qualifying children.

4. On Form 8812, the worksheet for computing the additional tax credit, the DEBTOR claims a child tax credit of $1,200.00 ($600.00 for each of her two children). From that amount is deducted the general tax credit of $818.00, equal to the amount of her federal income tax shown to be due on line 28 of her return. The DEBTOR is entitled to claim the lesser of the remaining credit available of $382.00 ($1,200.00 minus $818.00) or ten percent of the amount of her earned income in excess of $10,350.00, or $1,371.00 ($24,010.00 minus $10,350.00 = $13,710.00 × .10 = $1,371.00).

5. The term "public assistance benefit" is not defined by statute or by any published opinion of the Illinois Supreme or Appellate Courts.

is correct, as far as the Illinois statute, but, as the TRUSTEE points out, the issue has been considered by other courts under similar exemption provisions of other state statutes. *See, e.g., In re Dever,* 250 B.R. 701 (Bankr.D.Idaho 2000); *In re Beltz,* 263 B.R. 525 (Bankr.W.D.Ky.2001); *In re Steinmetz,* 261 B.R. 32 (Bankr.D.Idaho 2001); *In re Soward,* 2001 WL 1338506 (Bankr.E.D.Ky.2001). Those cases, involving child tax credits claimed for earlier years under prior versions of the provision, offer only a limited degree of guidance. Neither the TRUSTEE nor the DEBTOR differentiate between the general and the additional tax credits.

■ In both *Dever* and in *Steinmetz,* the courts followed the approach developed by the court in *In re Crampton,* 249 B.R. 215 (Bankr.D.Idaho 2000), in connection with a disputed claim of exemption by the debtor in an educational tax credit, considering the following:

**6.** The court in *Dever* relied on the following statements from the Senate and House Reports:

The Committee believes that the individual income tax structure does not reduce tax liability by enough to reflect a family's reduced ability to pay taxes as family size increases. In part, this is because over the last 50 years the value of the dependent personal exemption has declined in real terms by over one-third. The Committee believes that a tax credit for families with dependent children will reduce the individual income tax burden of those families, will better recognize the financial responsibilities of raising dependent children, and will promote family values. In addition, the Committee believes that the credit is an appropriate vehicle to encourage taxpayers to save for their children's education.

H.R. Rep. 105–148, at 309–10 (1997); S. Rep. 105–33, at 42 (1997), U.S.Code Cong. & Admin.News 1997 at pp. 678, 704. Congressmen and Senators, in connection with the inclusion of this credit in the Taxpayer Relief Act of 1997, repeatedly voiced that the child tax credit was enacted to provide relief for hardworking middle-income families and to allow these families to invest

First, what is the purpose and policy of the tax credit, as enunciated by the courts or established by legislative history, and in particular is that policy one of "public assistance" as found in [*In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989)]. Second, what is the nature of the debtor/taxpayer's access to the credit, i.e., is it a refundable credit. Third, when and at what income levels is the credit phased down and/or eliminated.

In *Dever,* the debtors claimed an exemption in the child tax credit taken on their tax return filed for 1999. Finding no substantiation in the legislative history that the purpose of the child tax credit was to aid low income families,[6] characterizing the credit as nonrefundable, and emphasizing the availability of the credit to affluent taxpayers, the court concluded that the child tax credit was not subject to the exemption for public assistance.[7]

their own money into their children's education, housing, nutrition, nurturing and care. *See,* 143 Cong. Rec. H4922–01 (daily ed. July 9, 1997) (statement of Rep. Kilpatrick); 143 Cong. Rec. E1281–02 (daily ed. July 20, 1997) (statement of Rep. Packard); 143 Cong. Rec. S6440–2, S6461 (daily ed. July 26, 1997) (statement of Sen. Gramm); 143 Cong. Rec. S6332–01, S6333 (daily ed. June 25, 1997) (statement of Sen. Roth).

**7.** Agreeing with the analysis but departing from the result reached by the court in *Dever,* the court in *In re Beltz,* 263 B.R. 525 (Bankr. W.D.Ky.2001), employing a case-by-case approach, held that the federal child tax credit would be exempt if the debtors' children met the statutory qualifications for public assistance. The court determined that the debtors' child did not meet the definition of a "needy child" under Kentucky law, defined as "a child who has been deprived of parental support . . . and who does not have otherwise provided for him a subsistence compatible with decency and health," recognizing that the exemption would be available in only a small number of cases. The Kentucky statute broadly defined "public assistance" to include

*Steinmetz* is closer to the present case. At issue there was the debtors' claim of exemption in the refundable portion of the child tax credit, available to taxpayers with three or more children.[8] Despite the court's acknowledgment of the near absence of legislative intent in enacting the additional child tax credit and its recognition that the additional credit is refundable, the court focused upon the relatively high threshold at which the general credit begins to phase out. Comparing that aspect of the general tax credit to the educational tax credit at issue in *Crampton, supra,* the court concluded that the child tax credit was not intended as a form of public assistance legislation.[9]

■ This Court agrees with the earlier decisions cited by the TRUSTEE which hold that the nonrefundable general child tax credit may not be claimed exempt as public assistance. In reaching that result, those courts contrasted the general child tax credit with the earned income credit, differentiating the general child tax credit based on the acknowledged purpose of the earned income credit to afford economic

relief to low-income families and the refundable nature of that credit. In this Court's view, the key factor is the refundability of the credit. If a credit is not refundable, further inquiry need not be made. The general child tax credit, which only reduces a debtor's tax liability, cannot be claimed as exempt.

■ A different result should occur with respect to the additional child tax credit. For tax years after 2000, the restricted refundability of the tax credit to taxpayers with three or more qualifying children was eliminated and the additional child tax credit was made available to all taxpayers with one or more qualifying children. The ensuing modifications and revisions, in particular the increased refundability of the additional child tax credit, diminish the impact of the statements of legislative intent surrounding the provision's original enactment.[10] Like the earned income credit, the additional child tax credit may entitle the taxpayer to an actual refund.

In holding that the additional child tax credit may be exempted as a public assis-

---

"money grants, assistance in kind or services to or for the benefit of needy aged, needy blind, needy permanently and totally disabled persons, needy children, or persons with whom a needy child lives or a family containing a combination of these categories...." *Id.* at 530 (citing K.R.S. 205.010(3)).

This Court cannot agree with that approach. The determination of whether a particular benefit falls within the scope of the "public assistance" exemption entails an examination of the purposes of the legislation providing the benefit, not in the purpose that a benefit may serve once it is in the hands of a given debtor.

8. The additional child tax credit claimed by the debtors in *Steinmetz* on their 1999 Federal Income Tax return arose under a prior version of 26 U.S.C. § 24(d), which entitled families with three of more children to a refund of the credit for the amount by which the taxpayer's social security taxes exceed the taxpayer's earned income credit.

9. The Hope (educational) credit at issue in *Crampton* is nonrefundable. The court set forth the computation of the debtors' tax liability as follows:

Debtors had tax liability of $1,609. The Hope credit of $1,500 reduced the tax to $109. Debtors' federal tax withheld during 1999 amounted to $1,402 and Debtors claimed an earned income credit of $348, resulting in total tax payments of $1,750. When the tax of $109 is subtracted from the payments of $1,750, Debtors overpaid by $1,641.

For tax year 1999, the phase-out of the Hope credit began when income surpassed $80,000.00 on a joint return.

10. *See, Steinmetz,* 261 B.R. at 34 (discerning legislative intent underlying additional income tax credit involves speculation).

tance benefit, this Court reaches a contrary result from the court in *Steinmetz.* Since that decision, the additional child tax credit has been made available to all taxpayers with a qualifying child. Concentrating on the high income level of the phase-out, the court in *Steinmetz* did not consider the practical effect of the statutory scheme. While the general child tax credit, with its high threshold, will be available to offset the tax liability of a number of affluent taxpayers who could never be classified as needy or in need of public assistance, a taxpayer will not be eligible for the refundable additional child tax credit unless the amount of the child tax credit exceeds the tax liability, reduced by other tax credits. Taxpayers at the high end of the spectrum are not likely to fall into that category. In nearly all instances where taxpayers earn more than a modest level of income, the entire amount of the allowable child tax credit will be utilized in reducing tax liability and none of the credit will be refundable. Rarely will a middle or an upper-income level taxpayer receive a refund of the child tax credit. The exceptions, if any, should not dictate the result.[11] Rather, as structured, the additional child tax credit, refundable to taxpayers of limited financial means and serving to meet the basic needs of their dependent children, may be claimed exempt as a public assistance benefit.

The DEBTOR is entitled to exempt the additional child tax credit amount of $382.00. With allowable exemptions for that amount, the earned income credit of $1,917.00 and the remaining wildcard exemption amount of $14.00, the DEBTOR must turn over the nonexempt balance of $3,711.00 to the TRUSTEE.

---

**11.** At the other extreme, taxpayers with earned income of less than $10,350.00 are not eligible for a refund of the child tax credit. Their inability to qualify for such a refund,

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

### *ORDER*

For the reasons stated in an OPINION filed this day, IT IS HEREBY ORDERED that the DEBTOR'S claim of exemption in the child tax credit is ALLOWED as to the additional child tax credit claimed in the amount of $382.00, but DENIED as to the general child tax credit in the amount of $818.00. IT IS FURTHER ORDERED that the TRUSTEE'S Motion for Turnover of Income Tax Refunds is GRANTED and the DEBTOR is directed to turn over the sum of $3,711.00 to the TRUSTEE. The DEBTOR is allowed fourteen (14) days from the date of this Order to file an amended Schedule of exempt property.

---

however, does not, in this Court's view, change the nature of the refund in the hands of the taxpayers entitled to receive it.