# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6029

_____

In re: Pepper Minthia Hardy

*Debtor*

------------------------------

Pepper Minthia Hardy

*Debtor - Appellant*

v.

Richard Fink

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2013
Filed: December 23, 2013

_____

Before SALADINO, NAIL, and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Debtor Pepper Minthia Hardy ("Debtor") appeals the May 16, 2013 order of the bankruptcy court[1] sustaining Chapter 13 Trustee Richard Fink's ("Trustee") objection to Debtor's claimed exemptions.  We affirm.[2]

## BACKGROUND

Debtor filed a petition for relief under chapter 13 of the bankruptcy code.  On her schedule C ("Property Claimed as Exempt"), Debtor claimed exempt, as a "public assistance benefit" under Mo. Rev. Stat. § 513.430.1(10)(a),[3] the portion of her 2012 federal income tax refund that was attributable to a "Child Tax Credit" allowed under 26 U.S.C. § 24.  Trustee timely objected to Debtor's claim of exemptions.

The bankruptcy court entered a memorandum opinion and a text order sustaining Trustee's objection, concluding:  "The fact the Additional [Child Tax Credit] is available as a refund for taxpayers whose income places them out of range for most public assistance benefits available to Missourians is a sufficient basis to

---

[1] The Honorable Cynthia A. Norton, United States Bankruptcy Judge for the Western District of Missouri.

[2] Prior to the submission of the case, Trustee moved to dismiss Debtor's appeal as moot.  We denied Trustee's motion, because "the issue on appeal could become relevant to plan confirmation or post-confirmation modification after a change in circumstances."  While we understand Debtor's plan has now been confirmed, the issue on appeal remains relevant in the event of a post-confirmation modification of Debtor's plan or the conversion of Debtor's case to chapter 7.

[3] Debtor also claimed these funds exempt under Mo. Rev. Stat. § 513.430.1(10)(b) (veteran's benefits) and (c) (disability, illness, or unemployment benefits).  Debtor has not challenged on appeal either the bankruptcy court's assumption that this was done in error or the bankruptcy court's prophylactic denial of her claim of exemptions under those subsections.

conclude that the Additional [Child Tax Credit] is not an exempt 'public assistance benefit.'"[4]  Debtor timely filed a notice of appeal.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678-79 (8th Cir. 2011).  More germane to this appeal, we review *de novo* the bankruptcy court's interpretation of a statute.  *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).

DISCUSSION

The filing of a petition for relief under the bankruptcy code creates a bankruptcy estate comprising, *inter alia*, all the debtor's legal and equitable interests in property on the petition date.  11 U.S.C. § 541(a)(1).  The bankruptcy estate includes contingent interests in future payments, such as tax refunds.  *Law v. Stover* (*In re Law*), 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006).  More specifically, the bankruptcy estate includes the refundable portion of the child tax credit allowed under 26 U.S.C. § 24.  *Id.* at 783.

A debtor may, however, claim certain property exempt.  11 U.S.C. § 522(b)(1). That property is then excluded from the bankruptcy estate and is not available to

---

[4] Section 24 of title 26 of the United States code does not actually refer to an "additional child tax credit."  "However, the federal child tax credit . . . has two distinct components–a non-refundable component, denominated on Form 1040 as the 'Child Tax Credit,' and a refundable component, denominated on Form 1040 (under the 'Payments' section) as the 'Additional Child Tax Credit.'"  *In re Law*, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005).

satisfy claims against the debtor. *Benn v. Cole* (*In re Benn*), 491 F.3d 811, 813 (8th Cir. 2007).

Under Missouri law,[5] a debtor may claim exempt "[a] Social Security benefit, unemployment compensation[,] or a public assistance benefit." MO. REV. STAT. § 513.430.1(10)(a). Debtor does not argue the portion of her 2012 federal income tax refund that is attributable to the child tax credit is either a "Social Security benefit" or "unemployment compensation." The issue presented is thus whether that portion of her refund is a "public assistance benefit" within the meaning of § 513.430.1(10)(a).

The statute does not define the term "public assistance benefit." Debtor argues "[t]he common meaning of public assistance benefit is quite plainly an assistance that benefits the public." We reject that definition as both overly broad and unsupported by any authority. We will instead look to the dictionary to determine the plain and ordinary meaning of the term.

> When no statutory definition is available, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. To determine legislative intent, we must give an undefined word used in a statute its plain and ordinary meaning as found in a dictionary.

*Lapponese v. Carts of Colorado, Inc.*, ___ S.W.3d ___, 2013 WL 6181892, at *4 (Mo. Ct. App. Nov. 26, 2013) (citations omitted).

---

[5]Missouri has opted out of the federal exemption scheme in 11 U.S.C. § 522(d). MO. REV. STAT. § 513.427. Consequently, a debtor domiciled in Missouri during the relevant period, *see* 11 U.S.C. § 522(b)(3)(A), may only claim the exemptions provided in other federal law and in Missouri law. *Benn*, 491 F.3d at 813.

Merriam-Webster defines "public assistance" as "government aid to needy, aged, or disabled persons and to dependent children." *Merriam-Webster's Collegiate Dictionary* 1005 (11th ed. 2012). Random House defines it as "government aid to the poor, disabled, or aged or to dependent children, as financial assistance or food stamps." *The Random House Dictionary of the English Language* 1563 (2nd ed. 1987). Oxford Press defines it as "government benefits provided to the needy, usually in the form of cash or vouchers." *New Oxford American Dictionary* 1411 (3rd ed. 2010). None of these definitions supports Debtor's interpretation of MO. REV. STAT. § 513.430.1(10)(a).

The full child tax credit of $1,000 per qualifying child is available to individuals whose modified adjusted gross income does not exceed the "threshold amount" of $110,000 for married individuals filing jointly, $75,000 for unmarried individuals, or $55,000 for married individuals filing separately. 26 U.S.C. § 24(b)(2).[6] Such individuals cannot be said to be needy.[7] Consequently, we agree with the bankruptcy court: The refundable portion of the child tax credit is not a "public assistance benefit" within the meaning of MO. REV. STAT. § 513.430.1(10)(a) and thus may not be claimed exempt under that statute.

The reported cases support this conclusion. *See, e.g., In re Steinmetz*, 261 B.R. 32, 35 (Bankr. D. Idaho 2001) ("[T]he high income threshold adopted by Congress before the [child tax] credit starts to phase out clearly indicates the credit was not intended as a form of public assistance legislation."); *In re Jackson*, Bankr. No. 12-9635-RLM-7A, 2013 WL 3155595, at *2 (Bankr. S.D. Ind. June 20, 2013) ("Even if [Indiana's exemption statute] remotely could be interpreted as a 'public assistance'

---

[6]The child tax credit is reduced by $50 for each $1,000 by which an individual's modified adjusted gross income exceeds the threshold amount. 26 U.S.C. § 24(b)(1).

[7]Debtor does not argue the child tax credit is government aid to "aged" or "disabled" persons or "dependent children."

exemption which is not limited to the [earned income credit], the refund attributable to the [child support credit] here would not qualify as it was not enacted solely to assist lower income families, but applies to middle income families."); *In re Beltz*, 263 B.R. 525, 529 (Bankr. W.D. Ky. 2001) (noting the child tax credit's "primary purpose is not to provide tax relief to low income families.  Rather, the intent of the credit . . . is primarily to benefit middle class Americans."); *contra In re Koch*, 299 B.R. 523 (Bankr. C.D. Ill. 2003).

Citing *Koch*, Debtor argues "the refundable portion of the [child tax] credit . . . is only available 'to taxpayers of limited financial means . . .' and should therefore be exempt as a public assistance benefit."  This argument finds no support in the record. Debtor failed to produce any evidence that only needy individuals could ever receive the refundable portion of the child tax credit.  Moreover, to the extent this could somehow be shown to be true by mathematical calculations based on the provisions of the internal revenue code, Debtor likewise failed to provide those calculations.

The court in *Koch* gave great weight to what it perceived to be the likelihood that "[r]arely will a middle or an upper-income level taxpayer receive a refund of the child tax credit."  *Koch*, 299 B.R. at 528.  However, "rarely" is not the same as "never," and the court did not explain how the record before it supported this conclusion.  The court also discounted entirely the fact that "taxpayers with earned income of less than $10,350.00 [in 2002] are not eligible for a refund of the child tax credit."[8]  *Id.* at n.11.  We fail to comprehend how a benefit that may not be available to the *most* needy can be considered a "public assistance benefit."

---

[8]In 2009, this figure was lowered to $3,000.  *See* 26 U.S.C. § 24(d)(4).

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's order sustaining Trustee's objection to Debtor's claimed exemptions.

———————————————————