**In re Arturo VAZQUEZ, Debtor.**

No. 13–32174.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Signed Sept. 8, 2014.

David P Leibowitz, Esq., Leibowitz Law Center, Waukegan, IL, Trustee.

Vasilios S. Sarikas, Ferrentino & Sarikas, LLC, Chicago, IL, for Debtor.

### Order on Objection to Claimed Exemption in Tax Refund (Dkt. No. 22)

JACQUELINE P. COX, Bankruptcy Judge.

On August 13, 2013, Debtor Arturo Vazquez (the "Debtor") sought relief under chapter 7 of the United States Bankruptcy Code.

On April 1, 2014, the federal government issued the Debtor a tax refund in the amount of $10,576.00 for tax year 2013. Chapter 7 Trustee David Leibowitz ("Trustee Leibowitz") intercepted the tax refund. Trustee Leibowitz tendered the Debtor $4,057.32, the pro rata portion of the tax refund attributable to the pre-filing period in 2013 and is holding the balance in a trust account.

On April 21, 2014, the Debtor filed amended schedules B and C. In *Amended Schedule B of Personal Property* the Debtor listed a 2013 federal tax refund in the amount of $10,576. In *Amended Schedule C of Property Claimed as Exempt* the Debtor exempted $3000 of the 2013 federal tax refund pursuant to 735 ILCS 5/12–1001(g)(1), (2) and (3). He exempted $1,700 of the refund pursuant to the wild-card exemption allowed by 735 ILCS 5/12–1001(b) which provides an exemption of the debtor's interest, up to $4000 in value, in any property. (*See* Bankruptcy Case 13–32174, Dkt. No. 21.)

The Trustee asks the Court to disallow the $3000 exemption as applied to the 2013 federal tax return pursuant to 735 ILCS § 5/12–1001(g) and require the Debtor to file a second amended schedule C within 14 days of the entry of an order on his objection.

For the reasons noted herein, the objection will be overruled. The Debtor has properly asserted the public assistance benefit exemption allowed by Illinois law.

The Court denies the request to require the Debtor to file a second amended schedule C.

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois. This matter is a core proceeding, involving the disallowance of an exemption, regarding which bankruptcy judges may enter a final judgment. 28 U.S.C. § 157(b)(2)(13).

### II. Discussion

The Debtor has claimed his interest in the child tax credit portion of his income tax refund as exempt. Section 24 of the Internal Revenue Code, Title 26 of the United States Code, provides: [t]here shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151 an amount equal to $1,000. Subsection (b) therein provides for limitations based on the taxpayer's adjusted gross income. The credit will be reduced by $50 for each $1,000 (or fraction thereof) by which the taxpayer's modified adjusted gross income exceeds the threshold amount. The threshold is (A) $110,000 in the case of a joint return; (B) $75,000 in the case of an individual who is not married and (C) $55,000 in the case of a married individual filing a separate return. 26 U.S.C. § 24(a)-(b)(1),(2),(A),(13) and (C).

A qualifying child for purposes of the child tax credit must be either a son, daughter, stepchild, foster child, brother, sister, stepbrother, stepsister or a descendant of any of these individuals, including a grandchild, niece, nephew or an adopted child. 26 U.S.C. § 152(c).

## A. Property of the Bankruptcy Estate

 Pursuant to 11 U.S.C. § 541(a)(1), property of the bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, unless exempted by the debtor pursuant to 11 U.S.C. § 522. 11 U.S.C. § 541(a)(1); *In re Baylosis*, 2007 WL 1206739, at *2 (Bankr. E.D.Tenn.2007). The Debtor is attempting to exempt the child tax credit portion of his tax refund from being considered property of the bankruptcy estate. However, Trustee Leibowitz is entitled to any portion of the Debtor's tax refund attributable to prepetition earnings. *Id.* at *2.

## B. Exemptions

 A critical part of a debtor's fresh start in bankruptcy is the ability to set aside certain property as exempt from the claims of creditors. "Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she goes forward after the bankruptcy case." 4 Collier on Bankruptcy ¶ 522.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed. rev.).

 Generally, most debtors in bankruptcy may choose between the exemptions provided by Bankruptcy Code section 522(b)(2) (the "federal exemptions") or the exemptions listed in section 522(b)(3) which include exemptions authorized by state law. However, the Bankruptcy Code allows states to opt out of the federal exemption scheme. The residents of opt-out states are limited to the exemptions provided by the law of their state. *In re West*, 507 B.R. 252, 259 (Bankr.N.D.Ill.

2014). Illinois is an opt-out state. 735 ILCS 5/12–1201 (2012).[1]

Federal Rule of Bankruptcy Procedure 4003(b) allows a party in interest to "file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under section 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr.P. 4003(b). Trustee Leibowitz's objection is timely; it was filed on May 20, 2014, less than 30 days after the *Amended Schedule C of Property Claimed as Exempt* was filed on April 21, 2014.

Trustee Leibowitz argues that the Debtor's claim of exemption is not authorized by Illinois law, 735 ILCS 5/12–1001(g)(1), (2) or (3), which provides:

> The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> (g) The Debtor's right to receive:
>
> (1) a social security benefit, unemployment compensation, or public assistance benefit;
>
> (2) a veteran's benefit;
>
> (3) a disability, illness, or unemployment benefit;

735 ILCS 5/12–1001(g)(1), (2) and (3).

The Illinois statute does not define "public assistance benefit." The Merriam–Webster dictionary defines "public assistance" as government aid to needy, aged, or disabled persons and to dependent children." *Merriam–Webster's Collegiate Dictionary* 1005 (11th ed. 2012). *See In re Hardy*, 503 B.R. 722, 725 (8th Cir. BAP 2013).

---

1. That provision states: In accordance with the provision of Section 522(b) of the Bankruptcy Code of 1978, (11 U.S.C. § 522(b)), residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), except as may otherwise be permitted under the laws of Illinois.

Trustee Leibowitz complains that the Debtor based his claim of exemption on all three subsections of 735 ILCS 5/12–1001(g). The Court will analyze the objection under subsection (g)(1) as a public assistance benefit.

The issue is whether the child tax credit is a "public assistance benefit" under the Illinois exemption statute. Other courts have ruled that the federal adoption tax credit and the federal earned income tax credit are public assistance benefits, allowing Illinois debtors to exempt them as public assistance benefits. *In re Johnson,* 480 B.R. 305, 316 (Bankr.N.D.Ill.2012) (adoption tax credit held to be in the nature of exempt public assistance benefit); *In re Royal,* 397 B.R. 88, 102 (Bankr. N.D.Ill.2008) (earned income tax credit held to be a public assistance benefit which debtors could exempt under Illinois law).

Trustee Leibowitz argues that because the child tax credit is nonrefundable, and can not result in a refund to a taxpayer, it can not be exempted under Illinois law, as distinguished from the additional child tax credit which is refundable, and for that reason can be claimed as exempt under Illinois law.

### C. Limits and Terms of Exemptions: Judicial or Legislative Prerogative

In *In re Koch,* 299 B.R. 523, 527–28 (Bankr.C.D.Ill.2003), a bankruptcy court held that the general child tax credit which was not refundable, but could be used only to reduce a taxpayer's federal income tax liability, was not in the nature of a public assistance benefit because it was available to relatively affluent taxpayers. That court also held that the refundable additional child tax credit, available only to taxpayers whose tax liability, when reduced by other credits, was less than the amount of the child tax credit, was meant to benefit taxpayers of limited financial means by assisting them in meeting the basic needs of their dependent children, making it exemptible as a public assistance benefit.

In *In re Hardy,* 503 B.R. 722, 725–26 (8th Cir. BAP 2013), a Bankruptcy Appellate Panel held that the refundable component of the federal child tax credit, also known as the "additional child tax credit," was not an exempt "public assistance benefit" under Missouri law. That Panel disagreed with the *Koch* ruling, noting that *Koch* stated that "taxpayers with earned income of less than $10,350.00 [in 2002] are not eligible for a refund of the child tax credit." The *Hardy* court said that it failed to comprehend how a benefit that might not be available to the most needy could be a public assistance benefit. These courts may be making the kind of policy decisions that are the prerogative of legislative bodies, whether an individual is deserving of assistance. A court should not decide the parameters and limits of exemptions or other forms of government assistance unless a legislative body delegates that authority to it. Those are legislative prerogatives.

### D. Changes to Internal Revenue Code Since 2003 *Koch* Ruling

The Trustee's reliance on *Koch* may not reflect legislative changes enacted since 2003. According to a March 25, 2013 report prepared by Margot L. Crandall–Hollick, an Analyst in Public Finance at the Congressional Research Service, the refundability of the child tax credit has changed over time. She explains:

> The child tax credit was created in 1997 by the Taxpayer Relief Act of 1997 (P.L. 105–34) to help ease the financial burden that families incur when they have children. Like other tax credits, the child tax credit re-

duces tax liability dollar for dollar of the value of the credit. Initially the child tax credit was a nonrefundable credit for most families. A nonrefundable tax credit can only reduce a taxpayer's tax liability to zero, while a refundable tax credit can exceed a taxpayer's liability, providing a cash payment primarily to low-income taxpayers who owe little or no income tax. Over the past 15 years, legislative changes have significantly changed the credit, transforming it from a nonrefundable credit available only to the middle and upper-middle class, to a partially refundable credit that more low-income families are eligible to claim.

As a result of the American Taxpayer Relief Act (P.L. 112–240; ATRA), the child tax credit is permanently refundable.

\* \* \*

Currently, the child tax credit allows a taxpayer to reduce their federal income tax liability (the taxes owed before tax credits are applied) by up to $1,000 per child. If the value of the credit exceeds the amount of tax a family owes, the family may be eligible to receive a full or partial refund of the difference. The total amount of their refund is calculated as 15% (the refundability rate) of earnings that exceed $3,000 (the refundability threshold), up to the maximum amount of the credit ($1,000) per child. The credit phases out for higher-income taxpayers. The child tax credit can offset a taxpayer's Alternative Minimum Tax (AMT) liability. One parameter of the child tax credit is scheduled to expire at the end of 2017, namely the refundability threshold.

\* \* \*

Margot L. Crandall–Hollick, *The Child Tax Credit: Current Law and Legislative History*, CONGRESSIONAL RESEARCH SERVICE, March 25, 2013 (www.crs.gov, 7–5700, R41873).

Trustee Leibowitz's assertion that the credit taken by the Debtor is nonrefundable and therefore not eligible for an exemption may be based on the law as it existed in 2003 (as explained in the 2003 *Koch* opinion). The objection does not specify which Internal Revenue Code section currently makes the child tax credit nonrefundable and therefore ineligible for exemption under Illinois law. The Court notes that subsection (d) of 26 U.S.C. § 24, effective January 2, 2013, provides for the refundability of the child tax credit under certain circumstances. 26 U.S.C. § 24(d).

### E. Broader Definition of Public Assistance Benefit

■ The *Koch* court's analysis represents an excellent way of allocating tax burdens and transfers to those of limited means. It may assume, however, that our government extends public assistance only, or primarily, to those of limited means. Those in higher income groups may not think of the many government subsidies, loans, loan guarantees, tax deductions and grants made available to those of substantial means as public assistance. Courts should not assume that exemptions, or any other form of public assistance, should benefit lower income individuals only.

■ By limiting exemptability to the portion of the child tax credit which is refundable to lower income individuals, the *Koch* ruling may represent a means test not imposed by the state of Illinois, which has the sole authority, as an opt-out state, to authorize exemptions for Illinois residents who seek relief under the Bankruptcy Code. The phase-out provisions of the child tax credit statute may be a means

test. The courts should not impose an additional means test.

A broader definition of "public assistance benefit" may be in order. When our lawmakers and elected officials enact tax and wealth transfer policies into law they may intend not only to help those of modest means but also to assist others from sliding into a lower income bracket. Take note of the grants and loans extended to the financial services industry in an effort to avoid a deep recession.

 Public assistance comes in many forms, often to persons and institutions of substantial means. Until Congress amends the Bankruptcy Code (or Illinois limits the public assistance benefit exemption to refundable assistance) this Court will refrain from making that policy choice. In any event, Debtor Arturo Vazquez reported adjusted gross income of $68,824 on his 2013 federal tax return. *See Exhibit A to Reply to Debtor's Response to Trustee's Objection to Claimed Exemption in Tax Refund,* Dkt. No. 26.

The phase-out of the child tax credit, which may be Congress' means test, does not apply to him as he filed a joint return for which the phase-out amount is $110,000, an amount far in excess of his income level. The Debtor claimed five personal exemptions on his 2013 federal tax return: himself, his wife and three sons. This Court will leave it to the Illinois legislature to decide whether his modest $68,824 level of income makes him too affluent to exempt a $3000 child tax credit.

Until the Illinois legislature says otherwise, this Court declines to hold that a debtor can not exempt any portion, refundable or nonrefundable, of his or her child tax credit. The entire child tax credit can be claimed as exempt under Illinois law as a public assistance benefit.

The discussion of debtors' relative affluence in *Koch* and *Hardy* as determinative of whether an exemption can be claimed is not the most persuasive way to deal with the interplay of federal and state statutes. The state legislatures should decide the parameters and limits of the exemptions they allow.

### III. Conclusion

Federal Rule of Bankruptcy Procedure 4003(c) provides:

> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

After notice and a hearing held herein, the Court has determined the issues presented by the objection and finds that the objecting party has not met its burden of proving that the exemptions are not properly claimed.

Trustee Leibowitz's objection is **Overruled.** The Court **Denies** Trustee Leibowitz's request that the Debtor be ordered to file a second amended schedule C within 14 days of the order on the objection.