FILED

DEC 23 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
| --- | --- |
| In re:<br>ADELINA MORENO,<br><br>           Debtor. | BAP No. WW-21-1124-LBS<br><br>Bk. No. 20-42855-BDL |
| KATHRYN A. ELLIS, Trustee,<br>           Appellant,<br>v.<br>ADELINA MORENO,<br>           Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Brian D. Lynch, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] trustee Kathryn A. Ellis ("Trustee") appeals the bankruptcy court's order overruling in part her objection to the debtor's exemption of a portion of debtor's 2020 federal income tax refund and

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

1

denying her motion for turnover. The bankruptcy court concluded that the portion of the refund comprised of the Earned Income Tax Credit ("EITC") and the Additional Child Tax Credit ("ACTC"), was "federal aid assistance" under Revised Code of Washington ("RCW") § 74.04.280 and was thus properly exempted under that statute and therefore not subject to turnover.

We AFFIRM.

## FACTS[2]

Appellee Adelina Moreno ("Debtor") filed a chapter 7 bankruptcy petition on December 30, 2020. About a month later, Debtor filed her 2020 federal income tax return and received a refund of $10,631, comprised of $572 from taxes withheld, $2,800 from the Recovery Rebate Credit ("RRC"), $1,709 from the Additional Child Tax Credit ("ACTC"), and $5,550 from the Earned Income Tax Credit ("EITC").

Shortly thereafter, Debtor filed amended Schedules B and C, disclosing the tax refund and claiming it fully exempt under various Washington statutes, including those that provide exemptions for public assistance and child support.

Trustee promptly filed an objection to Debtor's amended exemptions and a motion for turnover of a portion of the tax refund. Because the last

---

[2] Where necessary, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in Debtor's bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

day of the 2020 tax year fell postpetition, Trustee prorated Debtor's tax refund to exclude approximately 0.3%, leaving a total of $10,599.11 potentially available to the estate. Trustee conceded that certain portions of Debtor's prorated tax refund were exempt. She did not dispute Debtor's right to retain the full RRC of $2,800. She also conceded that Debtor was entitled to an exemption of $2,630, representing the remainder of Debtor's exemption under RCW § 6.15.010(1)(d)(ii)[3] after using that subsection to claim $370 in cash and checking accounts as exempt.

Trustee sought to recover the remaining prorated refund of $5,169.11. In response, Debtor argued that none of the tax refund was property of the estate because it was received post-petition. Alternatively, Debtor argued that the refund was exempt. Specifically, Debtor argued that the amounts sought to be turned over were comprised of the EITC and the ACTC, which qualified as "public assistance" under RCW § 74.04.005(11), i.e., "federal aid assistance" under RCW § 74.04.005(8), and were thus exempt under RCW § 74.04.280. Alternatively, Debtor argued that the EITC and ACTC qualified as "child support" under RCW § 6.16.010(1)(d)(iv). She requested that the bankruptcy court certify the exemption question to the Washington Supreme Court. Trustee replied, disputing that the EITC and ACTC qualified as exempt but not opposing certification.

---

[3] That subsection permits (with certain limitations not applicable here) an exemption for "other personal property" not to exceed $3,000.

After a hearing, the bankruptcy court issued a memorandum decision declining to certify the matter to the Washington Supreme Court and ruling on the merits that: (1) 99.7% of the tax refund was property of the estate; (2) the EITC and ACTC portions of the refund were not exempt as child support; but (3) those portions were exempt under Washington law as "public assistance," i.e., "federal aid assistance." The bankruptcy court entered an order denying Debtor's request for certification and Trustee's motion for turnover and sustaining in part and overruling in part Trustee's objection to exemptions. Trustee timely appealed. Debtor did not file a cross-appeal of the issues decided against her.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (E). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in concluding that the EITC and ACTC portions of Debtor's tax refund were exempt under Washington law?

## STANDARD OF REVIEW

This appeal presents an issue of statutory interpretation, which we review de novo. *Salven v. Galli (In re Pass)*, 553 B.R. 749, 756 (9th Cir. BAP 2016). Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

4

**DISCUSSION**

This appeal requires us to determine whether the EITC and ACTC are "assistance given under" RCW Title 74 and thus eligible for exemption under Washington law. No Washington court, state or federal, has analyzed that question. Tax credits are not specifically addressed in the relevant Washington statutes, and nothing in the pertinent legislative history sheds any light on the issue.

We begin with the language of the relevant statutes. Title 74 of the RCW is entitled "Public Assistance." Chapter 74.04 is entitled "General Provisions – Administration." Section 74.04.280, which is entitled "Assistance nontransferable and exempt from process," provides: "Assistance given under this title shall not be transferable or assignable at law or in equity and none of the moneys received by recipients under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

Although "assistance given under this title" is not defined in the statute, the definitional subsection of Title 74, entitled "Definitions—Eligibility," defines "public assistance" or "assistance" as "public aid to persons in need thereof for any cause, including services, medical care, assistance grants, disbursing orders, work relief, benefits under RCW 74.62.030 and 43.185C.220, and federal aid assistance." RCW 74.04.005(11).

Subsection (11) defines "federal aid assistance" as

the specific categories of assistance for which provision is made in any federal law existing or hereafter passed by which payments are made from the federal government to the state in aid or in respect to payment by the state for public assistance rendered to any category of needy persons for which provision for federal funds or aid may from time to time be made, or a federally administered needs-based program.

RCW § 74.04.005(8).

As discussed below, case law from bankruptcy courts in other states with similar exemption statutes supports the conclusion that both tax credits are exempt under Washington law, particularly when that law is liberally construed, as mandated by the Washington Supreme Court. *See Anthis v. Copland*, 270 P.3d 574, 576 (Wash. 2012) (Washington "[e]xemption statutes should be liberally construed to give effect to their intent and purpose." (citations omitted)).

A. **The ACTC qualifies as "public assistance" under Title 74 of the Revised Code of Washington.**

Bankruptcy courts interpreting broadly-worded exemption statutes similar to Washington's (i.e., "public assistance benefits") have reached the conclusion that the ACTC is exempt. In *In re Farnsworth*, 558 B.R. 375 (Bankr. D. Idaho 2016), the bankruptcy court, interpreting Idaho law, held that the portion of debtors' tax refund attributable to ACTC was exempt as a benefit received under public assistance legislation. The relevant exemption statute is Idaho Code § 11-603(4), which provides an exemption for "[b]enefits the individual is entitled to receive under federal, state, or

6

local public assistance legislation[.]" The bankruptcy court applied a three-part inquiry developed in previous Idaho bankruptcy court decisions to determine whether the tax credit was public assistance:

> [F]irst, what is the purpose and policy of the tax credit, as enunciated by the courts or established by legislative history, and in particular is that policy one of "public assistance" as found in [*In re Jones*, 107 B.R. 751 (Bankr. D. Idaho 1989)]. Second, what is the nature of the debtor/taxpayer's access to the credit, i.e., is it a refundable credit.[4] Third, when and at what income levels is the credit phased down and/or eliminated.

*In re Farnsworth*, 558 B.R. at 377 (quoting *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001) (other citations omitted)).

In *Steinmetz*, the Idaho bankruptcy court had ruled that the ACTC was **not** a public assistance benefit that could be exempt under the Idaho statute. 261 B.R. at 35. That ruling was based primarily on the fact that, at the time, the ACTC was available to taxpayers with significant incomes: it had an income threshold of $110,000 for phase-out of the credit. Accordingly, the court held that the ACTC was not specifically intended to benefit only low-income households. *Id.* at 34.

But, the *Farnsworth* court noted, Congress has amended the ACTC over the years, and "those amendments were clearly intended to benefit low-income families, and in particular, to 'lift them out of poverty' through the refundable portion of the ACTC." 558 B.R. at 380. Although the

---

[4] A refundable tax credit is one that a taxpayer may receive in excess of taxes withheld.

maximum income threshold of $110,000 remained unchanged, the minimum threshold has been reduced.[5] And taking into consideration the fact that the ACTC is a refundable tax credit and that "the bulk of [ACTC] refunds go to parents with very modest incomes, and likely small or no tax liabilities," the court found the ACTC to be exempt as public assistance. *Id.* at 380–81.

Courts applying the laws of Missouri, Iowa, and Illinois have reached the same conclusion. *See Hardy v. Fink (In re Hardy)*, 787 F.3d 1189, 1197 (8th Cir. 2015) (holding that the ACTC is exempt as a "public assistance benefit" under Missouri law); *In re Hatch*, 519 B.R. 783, 791-92 (Bankr. S.D. Iowa 2014) (same, under Iowa law); *In re Vazquez*, 516 B.R. 523, 526–28 (Bankr. N.D. Ill. 2014) (same, under Illinois law); *In re Koch*, 299 B.R. 523, 527–28 (Bankr. C.D. Ill. 2003) (same).[6]

The *Hardy* court conducted a thorough review of the legislative history of the amendments to the ACTC, which included several comments by legislators supporting the conclusion that those amendments were intended to benefit low-income families. 787 F.3d at 1193-96. The court commented, "[a]s evidenced by the various amendments to the initial CTC and the accompanying legislators' comments about those changes, the

---

[5] The current minimum threshold is $2,500. 26 U.S.C. § 24(h)(6).

[6] Missouri law provides an exemption for a person's right to receive "[a] Social Security benefit, unemployment compensation or a public assistance benefit[.]" Mo. Stat. § 513.430 (10)(a). Iowa's and Illinois' exemption statutes contain virtually identical language. *See* Iowa Code § 627.6(8)(a); 735 Ill. Comp. Stat. Ann. § 5/12-1001(g)(1).

intent of the legislature when modifying the ACTC was to benefit low-income families. The ACTC has fulfilled Congress's goals. In practice, it appears to overwhelmingly benefit low-income families." *Id.* at 1196.

Some courts have found that the ACTC is not exempt, but most of them were interpreting an older version of the credit that was not explicitly aimed at benefiting lower income families. *E.g.*, *In re Steinmetz*, 261 B.R. 32. Other courts decided the issue based on the individual states' statutes, which either implicitly or explicitly excluded the ACTC from exemption. *E.g.*, *In re Jackson*, No. 12–9635–RLM–7A, 2013 WL 3155595 (Bankr. S.D. Ind. June 20, 2013). In that case, the bankruptcy court denied the debtor's claimed exemption in the ACTC because the Indiana exemption scheme set exemptions by reference to specific sections of the Internal Revenue Code ("IRC"), and while the scheme referred to section 32 of the IRC, providing an exemption for the EITC, it did not mention IRC § 24 regarding the ACTC. *Id.* at *1.

Based on the foregoing, we agree with the bankruptcy court's conclusion that the ACTC is a federally administered needs-based program that qualifies for exemption under RCW § 74.04.280.

B. **The EITC also qualifies as "public assistance" under Title 74 of the Revised Code of Washington.**

As with the ACTC, courts in other states with similar, broadly-worded statutes have found the EITC to be exempt. Unlike the ACTC, the EITC has generally been held to benefit low-income taxpayers. *See In re*

*Jones*, 107 B.R. 751, 751-52 (Bankr. D. Idaho 1989) ("the primary purpose [of the EITC] was clearly to afford economic relief to low income heads of household who work for a living." (quoting *In re Searles*, 445 F. Supp. 749, 752 (D. Conn. 1978))). In *Jones*, the court held that the EITC was exempt under Idaho's exemption statute, which, as noted above, exempts benefits under federal public assistance legislation. Idaho Code § 11-603(4).

Similarly, the bankruptcy court in *In re Tomczyk*, 295 B.R. 894 (Bankr. D. Minn. 2003), held that the EITC was exempt under Minnesota's exemption statute, Minn. Stat. § 550.37, Subd. 14, which stated at that time:

> Public Assistance. All relief based on need, and the earnings or salary of a person who is a recipient of relief based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, relief based on need includes MFIP, work first, general assistance medical care, supplemental security income, medical assistance, Minnesota supplemental assistance, and general assistance . . . .

*Id.* at 895-96. The *Tomczyk* court found the EITC exempt as "all relief based on need," because the EITC's purpose is to provide relief for lower-income families. *Id.* at 896. The *Tomczyk* court noted that this characterization was supported by the Supreme Court's opinion in *Sorenson v. Secretary of Treasury of U.S.*, 475 U.S. 851 (1986), in which the Court stated:

> [t]he earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons

> likely to spend the money immediately, and to provide relief
> for low-income families hurt by rising food and energy prices.

*Id.* at 864.

The *Tomczyk* court also considered cases from other courts examining the issue, some of which had found the EITC exempt as a need-based public assistance benefit, *In re Fish,* 224 B.R. 82 (Bankr. S.D. Ill. 1998); *In re Brown*, 186 B.R. 224 (Bankr. W.D. Ky. 1995);[7] *In re Goldsberry*, 142 B.R. 158 (Bankr. E.D. Ky. 1992); *In re Davis*, 136 B.R. 203 (Bankr. S.D. Iowa 1991), and others that had found to the contrary, *Luster v. Collins (In re Collins)*, 170 F.3d 512 (5th Cir. 1999) (finding EITC not exempt under Louisiana's statute, which exempted "money payments under this Title" because the title in question dealt with **state** welfare and assistance);[8] *Trudeau v. Royal (In re Trudeau)*, 237 B.R. 803 (10th Cir. BAP 1999) (finding the EITC not exempt because it was neither earnings nor a welfare grant);[9] *In re Rutter*, 204 B.R. 57 (Bankr. D. Or. 1997) (finding that Oregon's public assistance exemptions

---

[7] Kentucky law defines "public assistance" as "money grants, assistance in kind, or services to or for the benefit of needy aged, needy blind, needy permanently and totally disabled persons, needy children, or persons with whom a needy child lives or a family containing a combination of these categories[.]" Ky. Rev. Stat. § 205.010(3).

[8] The Louisiana statute provides that "[a]ll assistance shall be inalienable by any assignment or transfer and shall be exempt from levy or execution under the laws of this state." La. Rev. Stat. § 46:111. "Assistance" is defined as "money payments under this Title." La. Rev. Stat. § 46:1(6).

[9] Wyoming allows an exemption for a portion of earnings, Wyo. Stat. § 1-15-408, and for "public assistance and social services provided by this article," Wyo. Stat. § 42-2-113(b). "Public assistance" is defined as "financial assistance in the form of a performance payment, vendor payment, food stamps or a payment under the minimum medical program." Wyo. Stat. § 42–2–102(a)(vi).

were limited to funds provided by the Oregon Adult and Family Services Division of the Department of Human Resources);[10] *In re Beagle*, 200 B.R. 595 (Bankr. N.D. Ohio 1996) (finding that the repeal of Ohio's exemption statute related to public assistance made the EITC nonexempt).

Based on these cases, courts have generally regarded the EITC as a form of needs-based public assistance. Where courts have found the EITC to be nonexempt, it was because the language of the relevant statute so mandated. But where statutes broadly exempt any "public assistance," courts have trended in favor of finding the EITC is exempt. *See, e.g.*, *Hamm v. James (In re James)*, 406 F.3d 1340, 1344 (11th Cir. 2005) (finding EITC exempt under Alabama law).[11]

Based on the foregoing, we agree with the bankruptcy court that the EITC is a "federally administered needs-based program."

## C. Trustee's arguments are not persuasive.

Trustee argues that (1) neither the ACTC nor the EITC is a federal needs-based program, and she distinguishes cases from other jurisdictions finding tax credits exempt; and (2) no exemption statute in Washington provides for the exemption of federal public assistance, and the statute debtor relies upon pertains to the eligibility standards for assistance given under Washington state law. We do not find these arguments persuasive.

---

[10] O.R.S. § 411.760 provides an exemption for all moneys granted under various state statutes, all of which deal with state public assistance.

[11] Alabama law exempts "public assistance to needy persons." Ala. Code § 38-4-8.

To begin, Trustee argues that the tax credits are not "federal aid assistance." Although she acknowledges that the tax credits are designed to benefit lower-income individuals, she contends that they are not "federal programs." She directs the Panel to the Catalog of Federal Domestic Assistance ("CFDA") a "government-wide compendium of Federal programs, projects, services, and activities that provide assistance or benefits to the American public." https://taggs.hhs.gov/ReportsCFDA (last visited Dec. 22, 2021). Because tax credits do not appear on the list, Trustee argues that the EITC and ACTC cannot be federally administered needs-based programs.

Trustee did not make this argument to the bankruptcy court. We thus need not consider it. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). But because Debtor has addressed this argument in her brief, and it bears primarily on an issue of law, we exercise our discretion to consider it. *See Francis v. Wallace (In re Francis)*, 505 B.R. 914, 920 (9th Cir. BAP 2014). We do not find the CFDA persuasive as to the definitions at issue here. Nothing on the cited web page suggests that the CFDA, or its definition of "federal domestic assistance program"[12] is

---

[12] A "Federal domestic assistance program" may in practice be called a program, an activity, a service, a project, a process, or some other name, regardless of whether it is identified as a separate program by statute or regulation. It will be identified in terms of its legal authority, administering office, funding, purpose, benefits, and beneficiaries. "Assistance" or "benefits" refers to the transfer of money, property, services, or anything of value, the principal purpose of which is to

relevant to the determination of the allowance of an exemption under state law: it is a "summary of grant dollars allocated by the CFDA program, OPDIV, and by one or more fiscal years." The summary "contains financial and nonfinancial assistance programs administered by departments and establishments of the Federal government." Nothing more. And the February 7, 2000 GSA press release cited by Trustee begins: "Looking for federal grants or loans for flood control, food and nutrition programs, education and training, or small business development? How about help for community development programs, childcare, or mental health research?"[13] As such, the CFDA appears to be a mechanism by which individuals and organizations can find programs relevant to their needs— not a reference for determining whether a tax credit qualifies as a federally administered needs-based program under state law for purposes of exemption.

---

accomplish a public purpose of support or stimulation authorized by Federal statute. Assistance includes, but is not limited to grants, loans, loan guarantees, scholarships, mortgage loans, insurance, and other types of financial assistance, including cooperative agreements; property, technical assistance, counseling, statistical, and other expert information; and service activities of regulatory agencies. It does not include the provision of conventional public information services. . . ." https://taggs.hhs.gov/ReportsCFDA (last visited Dec. 22, 2021).

[13]U.S. General Services Administration, *New Website for the Catalog of Federal Domestic Assistance http://www.cfda.gov*, https://www.gsa.gov/about-us/newsroom/news-releases/new-website-for-the-catalog-of-federal-domestic-assistance-http-wwwcfdagov (Feb. 7, 2000).

Trustee attempts to distinguish the cases involving broad, general language, such as the Idaho statute at issue in *Farnsworth*. She points out that the Idaho statute interpreted in that case was a general exemption statute that explicitly exempted "[b]enefits the individual is entitled to receive under federal, state, or local public assistance legislation[.]" Idaho Code § 11-603(4). *See also In re Hardy*, 787 F.3d at 1197 (Missouri statute (Mo. Rev. Stat. § 513.430) exempts, without limitation, a "public assistance benefit"); *In re Hatch*, 519 B.R. at 791-92 (Iowa Code § 627.6(8)(a), includes "any public assistance benefits"; *In re Vazquez*, 516 B.R. at 526-28 (child tax credit exempt under 735 Ill. Comp. Stat. Ann. § 5/12-1001(g)(1), exempting right to receive a public assistance benefit); *In re Brown*, 186 B.R. at 229-30, (EITC exempt under Ky. Rev. Stat. 205.220(3), which exempts "public assistance," defined as "money grants, assistance in kind or services to or for the benefit of needy aged, needy blind, needy permanently disabled persons, needy children or persons with whom a needy child lives or a family containing a combination of these categories); *In re Goldsberry*, 142 B.R. at 159 (same); and *In re Tomczyk*, 295 B.R. at 896 (EITC exempt under Minn. Stat. § 550.37, Subd. 14 as "all relief based on need").

Trustee argues that the cases finding tax credits non-exempt are analogous. But unlike the Washington statute, the exemption statutes in those states contained specific language that the courts found did not allow for the exemption of the tax credits at issue here. In *In re Garrett*, 225 B.R. 301, 303 (Bankr. W.D.N.Y. 1998), the bankruptcy court held that the portion

15

of debtor's tax refund attributable to EITC was not exempt under the New York statute exempting "a social security benefit, unemployment compensation or a local public assistance benefit" because the tax credit was not a "local" benefit, and the court would not expand the definition based on equitable considerations. In *In re Collins*, the Fifth Circuit Court of Appeals, interpreting Louisiana law, determined that the EITC was not exempt because the exemption statute applied to "money payments under this Title." 170 F.3d at 513. But Louisiana's statutory scheme does not contain the same broad definition of "public assistance" that is found in Washington's. *See* La. Rev. Stat. § 46:111 (exempting "all assistance") and La. Rev. Stat. § 46:1(6) (defining "assistance" as "money payments under this Title" which pertains to state public welfare and assistance).

In *In re Trudeau*, 237 B.R. at 806, the Tenth Circuit Court of Appeals held that the EITC was not exempt under Wyoming law because it did not fall into any of the enumerated categories in the statute, which exempted "public assistance and social services provided by this article." Wyo. Stat. § 42–2–113(b). "Public assistance" is defined under Wyoming law as "financial assistance in the form of a performance payment, vendor payment, food stamps or a payment under the minimum medical program." Wyo. Stat. Ann. § 42–2–102(a)(vi).

And in *In re Rutter*, the Oregon bankruptcy court held that the Oregon exemption statute did not include the EITC. There, the exemption statute specified that it applied to "[a]ll monies granted under the

provisions of ORS 411.060, 411.070 and 411.710-411.730." 204 B.R. at 60. Those statutes refer to "public assistance" and "general assistance" and indicate that only those funds granted by the Oregon Adult and Family Services Division of the Department of Human Resources are exempt. *Id.*

As the bankruptcy court found, all of these cases are distinguishable because their statutes contain language justifying the denial of the exemption.

Trustee points out that there is no express exemption for federal tax credits under Washington law; rather, the exemption statute, RCW § 74.04.280, specifies an exemption only for "assistance given under this title." She contends that tax credits are not assistance under Title 74. While this argument is not implausible, a comprehensive review of the definitions contained in Title 74 and the title's overall focus and purpose lead to the opposite conclusion.

Title 74 does not define "assistance given under this title," but the title pertains to "public assistance." As noted, the definition of "public assistance" includes "federal aid assistance," RCW § 74.04.005(11), which we have concluded encompasses the tax credits at issue here.[14] Trustee

_____

[14] "Public assistance" is also defined in RCW § 74.04.004(5) pertaining to fraud and abuse. That statute provides that the definitions therein are applicable "throughout this chapter [74.04] unless the context clearly requires otherwise":

"Public assistance" or "public assistance programs" means public aid to persons in need including assistance grants, food assistance, work relief, disability lifeline benefits, temporary assistance for needy families, and,

17

contends that the definitions contained in RCW § 74.04.005 are to be used only for the determination of eligibility for Washington state assistance benefits. Although the statute in question is entitled "Definitions–Eligibility," the definitions therein are prefaced by this language: "[f]or the purposes of this title, unless the context indicates otherwise, the following definitions shall apply[.]"

Trustee does not cite any portion of Title 74 that limits its application to state public assistance programs, nor have we found any. Title 74 states that "[t]he care, support, and relief of needy persons is hereby declared to be a joint federal, state, and county function." RCW § 74.04.040. And the purpose and intent of Title 74 is "to provide for the public welfare by making available, in conjunction with federal matching funds, such public assistance as is necessary to insure to recipients thereof a reasonable subsistence compatible with decency and health." RCW § 74.98.040. Further, RCW § 74.04.225 authorizes the establishment of an "online opportunity portal . . . to provide the public with more effective access to available state, federal, and local services." Those "services" include federal tax credits. RCW § 74.04.225(1)(c). Taken together, in light of the title's broad definition of "public assistance," these provisions support the conclusion that "assistance given under this title" includes federal needs-

for purposes of this section, working connections child care subsidies. This definition excludes medicaid and other medical programs as defined in chapter 74.09 RCW, and fraud and abuse committed by medical providers and recipients of medicaid and other medical program services.

based assistance. To the extent the statutory scheme is ambiguous, the Washington Supreme Court has instructed that we must construe exemptions liberally. *Anthis*, 270 P.3d at 576.

**CONCLUSION**

Based on the foregoing, the bankruptcy court did not err in overruling in part Trustee's objection to exemption and denying her motion for turnover. We AFFIRM.